UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:98-CR-10 |
| | § | |
| KIRK DOUGLAS JONES | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT**
**OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed July 11, 2006, alleging that defendant violated conditions of supervised release.  This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

**I.  The Original Conviction and Sentence**

Defendant was sentenced on December 11, 1998, before The Honorable Howell Cobb, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute crack cocaine, a Class A felony.  This offense carried a statutory maximum imprisonment term of life.  The

guideline imprisonment range, based on a total offense level of 41 and a criminal history category of V, was 168 to 210 months.  Defendant was subsequently sentenced to 130 months imprisonment followed by five years supervised release subject to the standard conditions of release, plus special conditions to include defendant shall not commit any offenses against a foreign state or nation; pay any financial penalty that is imposed by the judgment and that remains unpaid at the commencement of the judgment; financial disclosure; and drug aftercare.

## II.  The Period of Supervision

On April 22, 2005, defendant completed his period of imprisonment and began service of the supervision term.  On March 30, 2006, defendant's case was reassigned to The Honorable Marcia A. Crone, U.S. District Judge of the Eastern District of Texas.  On April 26, 2006, defendant's conditions were modified to include 180 days community confinement placement.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on July 11, 2006.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. |

| | |
|---|---|
| Standard Condition: | Defendant shall work regularly at a lawful occupation unless excused by the probation officer for school, training or other acceptable reasons. |
| Standard Condition: | Defendant shall notify the probation officer ten days prior to any change of residence or employment. |
| Standard Condition: | Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement. |
| Special Condition: | Defendant shall reside in and participate in the community corrections component of a Community Corrections Center, as instructed, until successfully discharged by the center director, but no longer than 180 days from admission. Defendant shall abide by all rules and regulations of the center and shall be required to pay subsistence. |
| Special Condition: | Defendant shall pay restitution in the amount of $11,629.94, and a $100 special assessment. |

As grounds, the petition alleges that defendant failed to secure and maintain employment from April 2005 to August 2005; he submitted urine specimens on February 15, 2006, and March 26, 2006, which tested positive for cocaine; and on June 20, 2006, defendant left the Community Corrections Center to go to work, but allegedly left work without authorization.  In addition, defendant has allegedly failed to make restitution payments according to his financial agreement signed on August 16, 2005, and is currently $900 in arrears; he failed to notify his probation officer ten

days prior to his change of residence; and failed to notify his probation officer within seventy-two hours of being questioned by a law enforcement officer.

## IV.  Proceedings

On August 1, 2006, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement that defendant would agree to plead "true" to the allegation that he violated a mandatory condition of supervised release when he tested positive for cocaine on February 15, 2006 and March 26, 2006, failing to refrain from any unlawful use of a controlled substance.  In exchange, the court would revoke defendant's supervised release and impose seven (7) months imprisonment with no supervised release thereafter.  Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from any unlawful use of a controlled substance by failing to refrain from any unlawful use of a controlled substance when he tested positive for cocaine on February 15, 2006 and

March 26, 2006.  The court announced that this violation is a Grade C violation, with policy guidelines suggesting 7 to 13 months imprisonment.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class A felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is five years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by failing to refrain from any unlawful use of a controlled substance, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.  U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of V, the guideline imprisonment range is 7 to 13 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the

court shall consider:

1.      The nature and circumstance of the offense and the history and
        characteristics of the defendant; <u>see</u> 18 U.S.C. § 3553(a)(1);

2.      The need for the sentence imposed to afford adequate deterrence to
        criminal conduct; to protect the public from further crimes of the
        defendant; and to provide the defendant with needed educational or
        vocational training, medical care, other corrective treatment in the most
        effective manner; <u>see</u> 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.      Applicable guidelines and policy statement issued by the Sentencing
        Commission, for the appropriate application of the provisions when
        modifying or revoking supervised release pursuant to 28 U.S.C. §
        994(a)(3), that are in effect on the date the  defendant is sentenced; <u>see</u>
        18 U.S.C. 3553(a)(4); <u>see</u> <u>also</u> 28 U.S.C. § 924(A)(3);

4.      Any pertinent policy statement issued by the Sentencing Commission,
        pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the
        defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5.      The need to avoid unwarranted sentence disparities among defendants
        with similar records who have been found guilty of similar conduct; <u>see</u>
        18 U.S.C. § 3553(A)(6).


## VI. Application


The undersigned has carefully considered each of the five factors listed in 18

U.S.C. §§ 3583(e) and 3553(a).


<u>Findings:</u>


Defendant pleaded "true" to the allegation that he violated a mandatory

condition of supervised release by failing to refrain from any unlawful use of a

controlled substance.  Based upon defendant's plea of "true" to the allegations and
Page 6 of  8

U.S.S.G. § 7B1.1(a), defendant violated a condition of supervised release in the manner alleged in the petition.  Defendant's violations are Grade C violations with policy guidelines suggesting 7 to 13 months imprisonment upon revocation.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to refrain from any unlawful use of a controlled substance.  As such, incarceration appropriately addresses defendant's violation.

## RECOMMENDATIONS

1.  The court should find that defendant violated a mandatory condition of supervised release, by failing to refrain from any unlawful use of a controlled substance, in the manner alleged in the petition.

2.  The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3.  Defendant should be sentenced to a term of imprisonment of seven (7) months with no supervised release thereafter.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to

revocation of supervised release as recommended herein.  Therefore, the court may

act on the report and recommendation immediately.

        SIGNED this __4__ day of August, 2006.

_____
Earl S. Hines
United States Magistrate Judge